## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Farah Ali Hassan<br>4520 King Street<br>Apt 802<br>Alexandria, VA 22302 | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Agency File Number: A075639692<br>) |
| vs. | ) Civil Action No. _____<br>) |
| William BARR<br>Attorney General<br>of the United States; | )<br>)<br>)<br>) |
| and | )<br>) |
| Chad Wolf, Acting Secretary of<br>Homeland Security; | )<br>)<br>) |
| and | )<br>) |
| Kenneth Cuccinelli, Acting, Director<br>of the<br>United States Citizenship and<br>Immigration Services; | )<br>)<br>)<br>)<br>) |
| and | )<br>) |
| Christopher A. WRAY, Director<br>Federal Bureau of Investigations; | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## PETITION FOR WRIT OF MANDAMUS

**COMES NOW** Farah Ali Hassan, Plaintiff in the above-styled and numbered case, and for her causes of action would show the court the following:

## I. INTRODUCTION

1.      This is an action for declaratory and mandatory relief, authorized by the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act. The purpose of this action is to challenge the United States Citizenship and Services' ("USCIS") refusal to timely adjudicate the Plaintiff's Form I-765, Application for Employment Authorization pursuant to 8 U.S.C. § 1254(a) with a receipt number of IOE0905370579.

## II. JURISDICTION

2.      This Court has jurisdiction over the present action pursuant to 28 U.S.C. Section 1331, Federal Question Jurisdiction; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 702, the Administrative Procedures Act; and 28 U.S.C. Section 1361, regarding an action to compel an officer of the United States to perform his or her duty.

## III. VENUE

3.      28 U.S.C. Section 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Each of the Defendants and specifically the United States Citizenship and Immigration Services (USCIS) is an agency which operates within this district.

## IV. PLAINTIFF

4.      The Plaintiff, Ms. Farah Ali Hassan is a citizen of Somalia who first came to the United States in 1999. Ms. Hassan immediately sought political asylum upon arriving and was

2

accorded a deportation hearing.  Her Asylum Petition was denied by an Immigration Judge, with the denial upheld by the Board of Immigration Appeals ("BIA") and, thereafter, by the U.S. Court of Appeals for the Ninth Circuit in 2004.  As a citizen of Somalia, she has remained continuously in the United States under the protection of Temporary Protected Status ("TPS").  Plaintiff Hassan has, since her arrival in the United States, applied for and extended her TPS status and has similarly applied for related work permission associated with her TPS status.  Also, at present, Plaintiff has a pending Motion to Reopen her deportation (now called "removal") proceeding before the BIA.

5.      As described more fully below, in September of 2018, Plaintiff Hassan filed her most recent Form I-765 Application  for Employment Authorization along with her USCIS Form I-821, Application for TPS status extension pursuant to 8 U.S.C. § 1254(a).  These filings were in accord with applicable regulations extending the designation of Somalia for temporary protected status as published in the Federal Register on August 27, 2018.  The Plaintiff's Form I-821, Application for Temporary Protected Status is still pending as of the date of the filing of the present action. The Plaintiff is a person of good moral character, does not have any criminal record and poses no danger to the national security of the United States.

## V. DEFENDANTS

6.      William Barr is the Attorney General of the United States and this action is brought against him in his official capacity.  As the Attorney General, he is responsible for the Federal Bureau of Investigations (FBI) which conducts security clearances for other U.S. government agencies, such as USCIS. 28 U.S.C § 533.

7.      Chad Wolf is the acting Secretary of Homeland Security of the United States (the "Secretary"), and this action is also brought against him in his official capacity.  He is generally charged with enforcement of the Immigration and Nationality Act ("INA"), and is further authorized

3

to delegate such powers and authority to subordinate employees of the Department of Homeland ("DHS"). INA § 103(a); 8 U.S.C. § 1103(a). More specifically, the Secretary is responsible for the adjudication of applications for employment authorization and for Temporary Protected Status. USCIS is an agency within the DHS to whom the Secretary's authority has in part been delegated, and is subject to the Secretary's supervision.

8.      Defendant, Kenneth Cuccinelli is the Acting Director of the United States Citizenship and Immigration Services (USCIS) and is generally charged with the administration of benefits provided for and governed by the INA. INA § 103(c); 8 U.S.C. § 1103(C). Defendant Cuccinelli oversees the Vermont Service Center of the USCIS, which office has failed to act within published time periods to adjudicate Plaintiff's I-765 Application for Employment Authorization.

9.      Christopher A. Wray, the Defendant herein is the Director of the FBI, the law enforcement agency that conducts security clearances for other U.S. government agencies, such as USCIS. Ms. Hassan has attended a biometrics appointment in connection with her TPS application and related Employment Authorization application on October 2, 2018.

## VI. FACTUAL ALLEGATIONS

10.     By statute, temporary protected status ("TPS") is only accorded to citizens of a designated country where the Secretary of Homeland Security in consultation with the Secretary of State determines that conditions in the country in residence are so dangerous that citizens of that country cannot reasonably be expected to return there. See 8 U.S.C. § 1254(b). Employment Authorization, evidenced by issuance of an employment authorization document ("EAD" or "EAD Card") is routinely granted to TPS status holders. See 8 C.F.R. 244.12.

11.     Somalia has long been recognized as a failed state. Millions of Somalis have fled Somalia and remain outside Somalia, including in Kenyan refugee camps. Somali nationals present

in the United States were first accorded TPS status in 1991.  The Secretary of Homeland Security

has continuously extended TPS status for Somalia nationals (such as Ms. Hassan) since that date.  In

recent years, the rise of the Al-Shabab terror group in Somalia has resulted in the injection of U.S.

forces in Somalia and has been cited as a basis for extension of TPS status since 2011.

12.    TPS status has been most recently extended by the present Trump Administration in

August of 2018.  See "Extension of the Designation of Somalia for Temporary Protected Status"

Federal Register, 83 FR 43695 (August 27, 2018).  TPS status for Somali nationals such as Ms.

Hassan is presented extended through March 17, 2020. Given conditions in Somalia, there is every

reason to believe that TPS designation for Somalis will be further extended, as has continuously

occurred since 1991.

13.    The Trump Administration has terminated TPS status for nationals of numerous

countries other than Somalia, *viz*. El Salvador, Haiti, Honduras, Nepal, Nicaragua, and Sudan.

These TPS status terminations have been the subject of federal court injunctions. As a result,   in a

USCIS Notice on November 11, 2019, the Trump Administration automatically extended TPS status

and Employment Authorization for holders of TPS status from El Salvador, Haiti, Honduras, Nepal,

Nicaragua, and Sudan through January 4, 2021.   See "Continuation of Documentation for

Beneficiaries of Temporary Protected Status Designations for El Salvador, Haiti, Honduras, Nepal,

Nicaragua, and Sudan" Federal Register 84 FR 59403 (November 4, 2019). Although the Trump

Administration agrees that Somalis such as Plaintiff are at risk and are entitled to extend their TPS

status and associated EAD work permission, Somalis have not benefitted from this November 11,

2019 automatic "blanket" extension of TPS status and extension of associated EAD work

permission, but rather had to reapply individually and await individual adjudications.

14.     TPS status entitles the recipient to receive employment authorization for TPS holders. Such employment authorization is evidenced by an employment authorization document. Ordinarily, a TPS holder from a designated country, such as Ms. Hassan from Somali, files an Application to Extend TPS Status on USCIS Form I-821 and an associated Application for Employment Authorization ( i.e. to obtàin a new EAD Card) on USCIS Form I-765.  Ms. Hassan has been filing these renewal "forms" with the USCIS regularly since coming to the United States, concomitant with TPS extensions for Somalia.  All such applications have been previously granted and as a result, Plaintiff has maintained continuous TPS status and had related employment authorization documents which permitted her to be employed.

15.     Immediately after the Secretary of Homeland Security announced the extension of TPS status for Somali nationals on August 27, 2018, Plaintiff timely filed Form I-821, Application for Temporary Protected Status to extend her status pursuant to the Secretary of Homeland Security's decision, an application which was receipted by the USCIS on September 13, 2018. **See Plaintiff's Form I-821 Receipt Notice at Exhibit A.**

16.     Along with her Form I-821 TPS application, the plaintiff filed a Form I-765 Application for Employment Authorization that was also receipted by the USCIS on September 13, 2018. **See Plaintiff's ASC Appointment Notices for Form I-821 and for Form I-765 at Exhibit B.**

17.     The referenced Application for Employment Authorization is now outside of the USCIS Vermont Service Center's own processing time as reflected by the attached Processing Time Report showing the receipt date for cases currently being processed as May 30, 2019. **See USCIS Processing Report at Exhibit C.**

18.    Thereafter, Ms. Hassan attended a biometrics appointment for background/security check purposes in connection with her TPS application and related Employment Authorization application on October 2, 2018..   **See Plaintiff's ASC Appointment Notices for Form I-821 and for Form I-765 at Exhibit B.**

19.    Prior to filing the present petition for mandamus, the Plaintiff has diligently followed up with the United States Citizenship and Immigration Services regarding approving the Form I-765 application for employment authorization. Specifically, in September 2019, the Plaintiff called the USCIS relating to her Form I-765 and was told that her application was pending background checks. Further, in November 2019, Ms. Hassan received correspondence from her U.S. Senator's office which indicates that the Plaintiff's Form I-765 application is pending background checks. **See Copy of Letter from the Office of Senator Tim Kaine at Exhibit D.**

20.    To date, there has been no decision regarding Ms. Hassan's application for employment authorization and she has indeed lost her employment as a result of the delay.

21.    Plaintiff has exhausted all administrative remedies available and has determined that no other adequate remedies exist.

22.    As a result of Defendants' unreasonable delay in adjudicating Plaintiffs' Application for Employment Authorization, Plaintiff has been denied her right to receive employment permission and to be employed and will continue to suffer the denial of numerous rights associated with TPS status, including employment authorization.

23.    In extending TPS status for Somali nationals, the Secretary of Homeland Security made specific determinations that Somali nationals, such as Ms. Hassan, were in danger of being persecuted and/or suffering harm such that they should not be returned to Somalia. As the Secretary set forth in the Federal Register Notice extending TPS status for Somali nationals on August 27,

2018, "During the TPS designation period, TPS beneficiaries are eligible to remain in the United States, may not be removed, and are authorized to obtain EADs so long as they continue to meet the requirements of TPS." 83 FR at page 43695. The Secretary of Homeland Security specifically determined that due to the ongoing armed conflict in Somalia, requiring the returns of Somali nationals "would pose a serious threat to their personal safety". 83 FR at page 43696. And that these "extraordinary" conditions in Somalia prevent Somali nationals from returning to Somalia in safety. Id. Finally, the Secretary of Homeland Security specifically found that "it is not contrary to the national interests of the United States to permit Somali TPS."

24.     In the case of Plaintiff Hassan, she is a single woman who is now 47 years of age. She has resided continuously in the United States since 1999 pursuant to TPS status. She has complied with U.S. law in every respect, has never been arrested and has continuously supported herself by working as a home healthcare aide and in similar positions.

25.     Since Plaintiff Hassan came to the U.S., she has been accorded TPS status and has renewed her TPS status (and received her EAD work permission document) continuously and without question. However, notwithstanding her most recent timely and seemingly routine application filing in September of 2018, to extend her TPS status and obtain an extension of her EAD card work permission, defendants have failed and refused to adjudicate these applications. Ms. Hassan has found herself without the ability to legally work because of Defendants' adjudication policies, which have caused massive delays in adjudication of work permission for Somali nationals eligible for TPS status.

26.     As is set forth in the specific causes of action described below, there is no justification for delaying extension of EAD work permission grants for Somali nationals who are *prima facie* eligible for TPS status. This is particularly true in the case of Ms. Hassan, who has been

8

in the United States since 1999 and has routinely extended her TPS status and related EAD work permission without incident.

27.    Plaintiff Hassan actively opposes the group to Al-Shabab and has no allegiance to any of the armed terror groups in Somalia.  To the contrary, Ms. Hassan feels and owes allegiance to the United States and has never and would never engage in any act contrary to the interests of the United States.

## VII.  FIRST CAUSE OF ACTION
### (Writ of Mandamus)

28. The USCIS has a ministerial, non-discretionary duty to adjudicate Plaintiff's Form I-821 Application to extend her TPS status and her Form I-765 Application for Employment Authorization.

29.    The USCIS has failed to adjudicate the applications despite the fact that they have been pending for almost over a year, a period of time in excess of published adjudication times for similar applications.

30.    Plaintiff has been prejudiced by this delay given that she has now been terminated by her employer and is unable to lawfully work.

31.    Plaintiff is entitled to a writ of mandamus ordering the USCIS to issue a final decision. 28 U.S.C. section 1361.

32.    There are no other adequate remedies available to the Plaintiff.

## VIII.  SECOND CAUSE OF ACTION
### (Administrative Procedure Act)

33.    Defendants have a duty under the Administrative Procedure Act ("APA") to make a final decision "within a reasonable amount of time." 5 U.S.C. section 555(b).

34.     Defendants have willfully, and unreasonably, delayed and refused to timely adjudicate, the Plaintiff's Application for Employment Authorization in accordance with the government's own processing guidelines under the Immigration and Nationality Act.

35.     As a result of Defendants' willful and unreasonable delay in adjudicating Plaintiff's Application for Employment Authorization, Plaintiff has been denied and will continue to suffer the denial of numerous rights and benefits associated with employment authorization including extending her driver's license.

36.     Defendants owe Plaintiff the duty to act upon her pending I-821 TPS extension application and her I-765, Application for Employment Authorization on a timely basis, and have unreasonably failed to perform that duty. Plaintiff has provided all relevant information and documents warranted and the defendants have not requested any further document of the plaintiff.

37.     Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendants' delay.

### IX. CONCLUSION AND RELIEF SOUGHT

WHEREFORE, Plaintiff prays that the Court:

(1)     Assume jurisdiction of this case.

(2)     Declare that the USCIS' holding in abeyance and/or refusal to timely adjudicate Plaintiff's I-821 TPS Application and Plaintiff's I-765, Application for Employment Authorization is *ultra vires* and contrary to the provisions of the Immigration and Nationality Act.

(3)     Order Defendants to immediately adjudicate Plaintiff's application.

(4)     Compel Defendants and those acting under them to perform their duty to act upon the Application for Employment Authorization owed to Plaintiff;

(5)     Issue temporary and permanent injunctions enjoining Defendants from denying Plaintiff's application on the basis that background checks have not yet been completed by the FBI.

(6)     Grant attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

(7)     Grant such other and further relief as this Court deems proper.


Respectfully submitted,


_/s/_____
Carlos M. Recio, Esq.
1016 7th Street SE,
Washington, DC 20003
Telephone: (202) 293 5690
Fax: (202) 543 0770
Email: crecio@reciolaw.com
D.C. Bar No. 36267


Counsel for the Plaintiff

## LIST OF ATTACHMENTS

*Exhibit*          *Description*

A.          Plaintiff's Form I-821 Receipt Notice
B.          Plaintiff's ASC Appointment Notices for Form I-821 and for Form I-765
C.          USCIS Processing Report
D.          Copy of Letter from the Office of Senator Tim Kaine

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| NOTICE TYPE | NOTICE DATE |
|---|---|
| Receipt | September 13, 2018 |

| CASE TYPE | USCIS ALIEN NUMBER |
|---|---|
| I-821, Application for Temporary Protected Status | A075639692 |

| RECEIPT NUMBER | RECEIVED DATE | PAGE |
|---|---|---|
| IOE0905370578 | September 07, 2018 | 1 of 1 |

| | DATE OF BIRTH |
|---|---|
| | September 19, 1972 |

FARAH A. HASSAN
4520 KING STREET APT 802
ALEXANDRIA, VA  22302

ıllıııılıllıllıııılıııılıılıııılılılıllılılıılılıllılıılı

**NAME AND MAILING ADDRESS**

**PAYMENT INFORMATION:**

| | |
|---|---|
| Application/Petition Fee: | $0.00 |
| Biometrics Fee: | $85.00 |
| Total Amount Received: | $85.00 |
| Total Balance Due: | $0.00 |

The above application/petition has been received by our office and is in process. Please verify your personal information listed above and immediately notify the USCIS National Customer Service Center at the phone number listed below if there are any changes. Please note that if a priority date is printed on this notice, the priority does not reflect earlier retained priority dates.

Next Steps:
- USCIS will schedule a biometrics appointment for you to have your biometrics electronically captured at a USCIS Application Support Center (ASC). You will be receiving a biometrics appointment notice by mail with the specific date, time, and place where you will have your fingerprints and/or photographs taken.
- You must wait to receive your biometrics appointment notice before going to the ASC for biometrics processing.
- This notice does not serve as your biometrics appointment notice.

If you have questions about possible immigration benefits and services, filing information, or USCIS forms, please call the USCIS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call the NCSC TDD at **1-800-767-1833**. Please also refer to the USCIS website: www.uscis.gov. If you have any questions or comments regarding this notice or the status of your case, please contact our customer service number.

You will be notified separately about any other case you may have filed.

| **USCIS Office Address:** | **USCIS Customer Service Number:** |
|---|---|
| USCIS | (800)375-5283 |
| Vermont Service Center | |
| 75 Lower Welden Street | |
| St. Albans, VT  05479-0001 | |

 

EXH A

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Ac**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| ASC Appointment Notice | | | |
|---|---|---|---|
| CASE TYPE<br>I821 - I765 | APPLICATION/PETITION/REQUEST NUMBER<br>IOE0905370578 - IOE0905370579 | | NOTICE DATE<br>09/14/2018 |
| ACCOUNT NUMBER<br>006688246713 | SOCIAL SECURITY NUMBER | USCIS A#<br>A075 639 692 | CODE<br>5 |
| | TCR | SERVICE CENTER<br>VSC | PAGE<br>1 of 1 |

FARAH ALI HASSAN
4520 KING STREET APT 802
ALEXANDRIA VA 22302



To process your application, petition, or request, the U.S. Citizenship & Immigration Services (USCIS) must capture your biometrics.
**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER (ASC) AT THE DATE AND TIME SPECIFIED.**
**IF YOU FAIL TO APPEAR AS SCHEDULED, YOUR APPLICATION, PETITION, OR REQUEST WILL BE CONSIDERED ABANDONED.**

| APPLICATION SUPPORT CENTER<br>USCIS ALEXANDRIA<br>8850 Richmond Hwy Suite 100<br>Alexandria VA 22309 | PLEASE READ THIS ENTIRE NOTICE CAREFULLY.<br>DATE AND TIME OF APPOINTMENT<br>10/02/2018<br>08:00AM |
|---|---|

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR BIOMETRICS TAKEN, YOU MUST BRING:**
1. THIS APPOINTMENT NOTICE and
2. PHOTO IDENTIFICATION. Naturalization applicants must bring their Alien Resident Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

CELL PHONES, CAMERAS, OR OTHER RECORDING DEVICES ARE NOT PERMITTED.

NOTE: If the USCIS ASC is **closed** due to inclement weather or for other unforeseen circumstances, USCIS will **automatically reschedule** your appointment for the next available appointment date and mail you a notice with the new date and time.

### REQUEST FOR RESCHEDULING

❑ Please reschedule my appointment.  Once USCIS receives your request, you will be sent a new appointment notice. Make a copy of this notice for your records, then mail the original with your request to BPU, Alexandria ASC, Suite 100, 8850 Richmond Hwy, Alexandria, VA 22309-1586.

BIOMETRICS PROCESSING STAMP

ASC SITE CODE:
BIOMETRICS QA REVIEW BY:
_____ ON _____
TENPRINTS QA REVIEW BY:
_____ ON _____

| APPLICATION NUMBER<br>I821 - IOE0905370578 | APPLICATION NUMBER 2<br>I765 - IOE0905370579 |
|---|---|





If you have any questions regarding this notice, please call 1-800-375-5283.
WARNING: Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the biometrics worksheet should accompany you. If you have open wounds or bandages/casts when you appear, the USCIS may reschedule your appointment if it is determined your injuries will interfere with taking your biometrics.

EXH B

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.

Form I-797C  07/11/14 Y

# Check Case Processing Times

Select your form number and the office that is processing your case

*For more information about case processing times and reading your receipt notice,* click here (./more-info).

**Form**

I-765 | Application for Employment Authorization

**Field Office or Service Center**

Vermont Service Center

**Get processing time**

## Processing time for Application for Employment Authorization (I-765) at Vermont Service Center

| Estimated time range |
|---|
| See table below |

Check your case status (https://egov.uscis.gov /casestatus /landing.do)

## ⓘ How we process cases

This time range is how long it is taking USCIS to process your case from the date we received it. We generally process cases in the order we receive them, and we will update this page each month. The estimated time range displayed is based on data

| Notes |
|---|
| If you are applying for your initial (first) employment authorization based on having a pending asylum application and USCIS does not adjudicate the application within 30 days, you may be a member of the class action case, *Rosario v. USCIS*, Case No. |

EXH C

C15-0813JLR. Please see www.uscis.gov/rosario (https://www.uscis.gov/rosario) for further information about this class action case.

captured approximately two months prior to updating the page. Please note that times may change without prior notice.

We have posted a "Receipt date for a case inquiry" in the table below to show when you can inquire about your case. If your receipt date (./more-info) is before the "Receipt date for a case inquiry", you can submit an "outside normal processing time" service request online (https://egov.uscis.gov/e-request).

| Estimated time range | Form type | Receipt date for a case inquiry |
|---|---|---|
| 16.5 Months to 21 Months | Based on an approved, concurrently filed, I-821D [(c)(33)] | April 09, 2018 |
| 3.5 Months to 5.5 Months | Based on a pending I-485 adjustment application [(c)(9)] | August 01, 2019 |
| 16.5 Months to 21 Months | Based on TPS for El Salvador [(c)(19), (a)(12)] | April 09, 2018 |
| 5.5 Months to 7.5 Months | All other applications for employment authorization | May 30, 2019 |

## Other case processing times resources

**When to expect to receive your Green Card (./expect-green-card)**

**Processing information for the I-765 (./i765)**

**Affirmative Asylum Interview Scheduling (http://www.uscis.gov/humanitarian /refugees-asylum/asylum/affirmative-asylum-scheduling-bulletin)**

**Administrative Appeals Office (https://www.uscis.gov/about-us/directorates-and-program-offices**

/administrative-appeals-office-aao/aao-processing-times)

International Offices (./international-operations-office)

Historical Average Processing Times (./historic-pt)

### ❷ Case management tools

Inquire about a case outside normal processing time (https://egov.uscis.gov /e-request /displayONPTForm.do?entryPoint=init& sroPageType=onpt)

Check your case status (https://egov.uscis.gov/casestatus /landing.do)

Update your mailing address (https://egov.uscis.gov/coa/)

Ask about missing mail (https://egov.uscis.gov/e-Request/Intro.do)

Correct a typographical error (https://egov.uscis.gov/e-request /displayTypoForm.do?entryPoint=init& sroPageType=typoError)

Request appointment accommodations (https://egov.uscis.gov/e-request /displayAccomForm.do?entryPoint=init& sroPageType=accommodations)

**TIM KAINE**
VIRGINIA

COMMITTEE ON
ARMED SERVICES

COMMITTEE ON
FOREIGN RELATIONS

COMMITTEE ON
THE BUDGET

COMMITTEE ON
HEALTH, EDUCATION, LABOR,
AND PENSIONS

**United States Senate**
WASHINGTON, DC 20510-4607

WASHINGTON OFFICE
WASHINGTON, DC 20510-4607
(202) 224-4024

1/6/2020

November 5, 2019

Ms. Farah Ali Hassan
4520 King Street
Alexandria, VA  22302

Dear Ms. Hassan:

I have received the enclosed correspondence from USCIS, Vermont Service Center in response to my inquiry on your behalf. I hope that the information they have provided will be helpful to you.

*"Thank you for sending our office your inquiry on behalf of your constituent, Farah Ali Hassan , in regards to her form I-765, receipt IOE0905370578.*

*Thank you for submitting a copy of your constituent's signed Privacy Act release with your inquiry.*

*Your constituents form I-765 is currently pending background checks.  USCIS requires extensive background checks for every application or petition.  While background checks for most applications or petitions are completed quickly, a small percentage of cases involve unresolved background check issues that result in adjudication delays.*

*We have checked into your constituent's case and have been assured that USCIS is aware of your inquiry, and is monitoring progress related to it.  However, unresolved issues in your constituent's case require a thorough review before a decision can be rendered.  Unfortunately, we cannot speculate as to when this review process will be completed.*

*We realize that your constituent may feel frustrated by delays related to his or her case.  USCIS must weigh individual inconvenience against the broader concerns of public safety and national security."*

Again, thank you for writing. I hope that you will contact me anytime you feel that I may be of assistance to you.

Sincerely,

Tim Kaine

EXH D